UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOHN DOE,

                    Plaintiff,

   -against-

RENSSELAER POLYTECHNIC
INSTITUTE,

                    Defendant.
------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER A PSEUDONYM AND TO FILE CERTAIN DOCUMENTS UNDER SEAL**

Civil Action No. 1:20-CV-1185 (DNH/DJS)

      Plaintiff John Doe moves the Court to proceed anonymously by means of a pseudonym reflected in the caption of this motion pursuant to Rule 10 (a) of the Federal Rules of Civil Procedure and to file certain documents under seal pursuant to Local Rule 83.13.

## BACKGROUND

      Plaintiff is a student at the defendant university, a private college located in Troy, New York. While a student at the defendant institution, plaintiff in January 2020 was accused of sexual assault on another student under the defendants' Student Sexual Misconduct Policy and Procedures, arising from an encounter plaintiff allegedly had with a female student in her dorm room owned and operated by defendant. Defendant accused plaintiff of violating its Student Sexual Misconduct Policy and Procedures and have scheduled a Title IX hearing for September 30, 2020.

      On or about August 26, 2020, plaintiff demanded that defendant use the recently promulgated United States Department of Education regulations governing Title IX proceedings. In response to plaintiff's request, defendant maintained that the regulations were not retroactive to cases like plaintiffs which commenced prior to their effective date on August 14, 2020. (See

Nociolo Affirmation to Order to Show Cause ¶¶ 73-79). Among other things, the new regulations require that the parties have the opportunity to cross-examine each other, and that, in the course of cross-examination, such cross-examination must be conducted by the adviser of the student's choice. See 34 C.F.R. § 106 et seq ("Title IX Rules"). Specifically, the Title IX Rules provide that covered colleges and universities must permit "each party's advisor to ask the other party and any witnesses all relevant questions and follow-up questions, including those challenging credibility." Id. § 106.45. On or about August 26, 2020, defendant denied plaintiff's request. (See Compl. Exhibit "L").

## ARGUMENT

The Court should grant plaintiff's motion to proceed anonymously under the name John Doe. This motion is filed simultaneously with the plaintiff's complaint against the above-captioned defendant. Plaintiff seeks to proceed anonymously to protect his identity as a young man accused of sexual assault by a private college arising from an incident with a female student, but not by a court of law; the allegations against him relate to an alleged sexual assault and, therefore, are inherently private in nature.

Plaintiff also seeks to render anonymous in all proceedings on this matter the name of the female who made the original claim against the plaintiff, as well as the names of any other student mentioned in the course of defendant's investigation into plaintiff. Plaintiff requests that the identities of these individuals remain anonymous because the allegations are of a private, sexual nature and none of those individuals are parties to the instant federal action. Throughout his complaint, plaintiff referred to the female complainant as "Jane Roe."

Permitting plaintiff to proceed anonymously and anonymizing other relevant non-party persons will neither prejudice the defendants nor be detrimental to the public interest in any way.

2

Rather, the public interest is better served by adjudicating claims arising from allegations of sexual abuse at a private college by not revealing to the public the name of the complainant or the respondent, or others by whose public identification the plaintiff may be known.

### A. Legal Standard

Under Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. Rule 10(a). At the same time, courts have "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (quoting *Roe v. Aware Women Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)) (alteration in original). Whether a plaintiff may prosecute an action anonymously through a pseudonym is determined at the discretion of the court after weighing the "plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Grottano v. City of New York*, No. 15 Civ. 9242 (RMB)(KNF), 2016 WL 2604803 at *1 (S.D.N.Y. Mar. 30, 2016) (internal quotation marks and citation omitted). The Second Circuit outlined a list of non-exhaustive factors for district courts to consider when balancing those interests, which include:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [her] age;

3

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (internal quotation marks and citations omitted) (alterations in the original). These factors ultimately guide the court to decide whether a plaintiff may proceed with a pseudonym by balancing "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. The present case falls under several of these factors, but most clearly this case involves "matters that are highly sensitive and of a personal nature." Id. at 190.

As this Court recognized in *Doe v. Colgate University*, "protecting the anonymity of sexual assault victims and those accused of committing sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected." *Doe v. Colgate Univ.*, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016). Moreover, mindful of the chilling effect that forcing similarly situated students to reveal their identity in order to bring suit could have on future plaintiffs facing similar situations, the Court allowed the plaintiff in *Doe v. Colgate University* to

proceed anonymously because "forcing [a] Plaintiff to reveal his identity would not advance any aspect of the litigation, but instead poses a risk that the Plaintiff [as a college student accused of sexual assault] would be subject to unnecessary ridicule and attention." *Id.* at *3.

Finally, since defendants are "aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly," the defendants will not in any way be prejudiced by allowing the plaintiff and the claimant to proceed anonymously. *Id.*

Under Local Rule 83.13, "[a] party seeking to have a document, a portion of a document, a party or an entire case sealed bears the burden of filing an application setting forth the reason(s) that the referenced material should be sealed." In this evaluation, the court must balance the presumption of access against counter veiling factors such as judicial efficiency and "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga Cty.*, 435 F.3d 110, 120 (2d Cir. 2006).

**B.   Discussion**

Undoubtedly, this litigation, arising from allegations of sexual assault and misconduct on the part of the plaintiff is of a highly sensitive and personal nature for both the plaintiff and the complainant. It is one thing to be accused of non-consensual sexual contact and sexual assault in violation of a college's Student Sexual Misconduct Policy and Procedures where such allegations are not freely available to the general public. It is quite another to bring such allegations into the public sphere by initiating a lawsuit, especially in light of the fact that, "[r]ecently, cases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputation harm to both the plaintiffs in these cases and their accusers." *Doe v. Colgate Univ.*, 2016 WL 1448829, at *2

In short, while defendants will in no way be prejudiced by replacing the plaintiff's name with "John Doe," his accuser's name with "Jane Roe," and expected other student witnesses as "Witness 1" and "Witness 2," respectively, the plaintiff, the complainant, and the other involved student witensses stand to suffer great damage to their reputations, and, in plaintiff's case his right to due process, should their involvement in the present case place their names in the public sphere, attached to allegations of such a sexual, private, and sensitive nature. Plaintiff deserves to be able to bring his case before this Court for adjudication without putting his reputation, or that of his accuser or roommates, on the line in order to do so.

For these same reasons, the court should seal the attachments to plaintiff's complaint, which reveal the names and other identifying information of the parties involved in the defendant Title IX proceeding at issue.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court permit him and the complainant to proceed respectively by means of the pseudonym reflected in the caption of this motion for plaintiff and by the pseudonym "Jane Roe" for complainant. Additionally, for the foregoing reasons, plaintiff respectfully requests that the Court order the attachments to his complaint to be sealed.

Dated: September 28, 2020

E. STEWART JONES HACKER MURPHY, LLP

*Julie A. Nociolo*
Julie A. Nociolo, Esq.
Bar Roll No. 519914