UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN DOE,

    -v-                                    1:20-CV-1185

RENSSELAER POLYTECHNIC
INSTITUTE,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| E. STEWART JONES<br>  HACKER MURPHY, LLP<br>Attorneys for Plaintiff<br>28 Second Street<br>Troy, NY 12180 | JAMES C. KNOX, ESQ.<br>JULIE A. NOCIOLO, ESQ. |

DAVID N. HURD
United States District Judge

### ORDER GRANTING TEMPORARY RESTRAINING ORDER

On September 28, 2020, plaintiff John Doe ("Doe" or "plaintiff"), a college student accused of sexual assault by another student, filed this action against defendant Rensselaer Polytechnic Institute ("RPI" or "defendant") alleging that it has discriminated against him on the basis of his sex in violation of Title IX of the Education Amendments of 1972 ("Title IX"). Along with his complaint, plaintiff has moved for leave to proceed pseudonymously, see FED. R. CIV. P. 10(a), and to seal certain personal and confidential documents attached to the pleading, see N.D.N.Y. L.R. 83.13.

Doe's motion to proceed under a pseudonym will be granted. Although Rule 10(a) of the Federal Rules of Civil Procedure "serves the vital purpose of facilitating public scrutiny of

judicial proceedings and therefore cannot be set aside lightly," *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008), courts have recognized that a party may be relieved from this general requirement when, *inter alia*, a particular case implicates individual privacy concerns of a highly sensitive nature, *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 404-05 (S.D.N.Y. 2019).

Upon review of the factors enumerated by the Second Circuit in *Sealed Plaintiff*, the Court finds that the balance of interests favor anonymity of the accused and of the accuser at this stage of the proceedings.

Doe's motion to seal exhibits attached to his pleading will also be granted. Upon *in camera* review of those materials and mindful of the Second Circuit's instructions in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the Court concludes that Exhibits A and Exhibits I-L should be sealed.

In making this determination, the Court notes that these exhibits were exchanged between the parties during a confidential Title IX proceeding and have been otherwise protected from public disclosure. Accordingly, an order sealing only this subset of sensitive exhibits (as opposed to the entirety of the pleading) is appropriate.

Finally, Doe has brought an Order to Show Cause for a temporary restraining order and a preliminary injunction that would enjoin RPI from moving forward with a Title IX hearing currently scheduled for 4:00 p.m. on Wednesday, September 30, 2020.

Plaintiff, who maintains he has been falsely accused, contends that defendant seeks to apply its August 2018 Student Sexual Misconduct Policy and Procedures to the accusation against him, which would force the hearing board to decide the credibility issues without

cross-examining the accuser in violation of rules promulgated by the U.S. Department of Education.

Upon review of plaintiff's memorandum of law and supporting affidavit, his motion for a temporary restraining order will also be granted. See Dkt. No. 3.

Therefore, it is

ORDERED that

1. Doe's motion to proceed under a pseudonym and to seal Exhibit A and Exhibits I through L is GRANTED;

2. The Clerk of the Court is directed to place Exhibit A and Exhibits I through L under seal until further order of this Court;

3. Doe's motion for a temporary restraining order[1] is GRANTED;

4. RPI is temporarily ENJOINED from:

    (a) applying its August 2018 Student Sexual Misconduct Policy and Procedures to plaintiff's pending Title IX case;

    (b) conducting any Title IX hearing which does not afford process due to plaintiff as required under Title IX and its duly promulgated regulations;

    (c) enforcing any and all sanctions against plaintiff determined as a result of its Title IX process, including but not limited to suspension or dismissal from the institution; and

5. RPI is ordered to show cause at a hearing to be held before a term of this Court in Utica, New York at 10:00 a.m. on Thursday, October 8, 2020 why the temporary restraining

---

[1] No giving of security shall be required. Although Rule 65(c) "seems to require the posting of a bond for all TROs, a number of cases have held that the court's discretion to set the amount of the bond includes the discretion to waive the bond entirely." *Kamine/Besicorp Allegany L.P. v. Rochester Gas & Elec. Corp.*, 908 F. Supp. 1180, 1993 (W.D.N.Y. 1995).

order should not be converted to a preliminary injunction in accordance with Rule 65 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 28, 2020 at 4:00 p.m.
       Utica, New York.