UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

                                    **Plaintiff,**

   -against-

**RENSSELAER POLYTECHNIC INSTITUTE,**

                                    **Defendant.**

---

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION SEEKING A PRELIMINARY INJUNCTION**

Civil Action No. 1:20-CV-01185
(DNH/ DJS)

---

Submitted by:

Michael E. Ginsberg, Esq.
**PATTISON, SAMPSON, GINSBERG & GRIFFIN, PLLC**
*Attorneys for Defendant*
22 First Street, P.O. Box 208
Troy, New York 12181-0208
(518) 266-1026


TO:    Julie A. Nociolo, Esq.
         E. Stewart Jones, Hacker Murphy
         *Attorneys for Plaintiff*
         28 2nd Street
         Troy, New York 12180

# TABLE OF CONTENTS

**PRELMINIARY STATEMENT** ................................................................................................. 1

**STATEMENT OF FACTS** ........................................................................................................ 2

**ARGUMENT** ............................................................................................................................. 2

**POINT I**

    **PLAINTIFF IS NOT ENTITLED TO A PRELIMINARY INJUNCTION** ....................... 2

        *Preliminary Injunction Standard* .................................................................................... 2

        *Likelihood of Success on the Merits* ................................................................................ 3

        *Irreparable Injury* ......................................................................................................... 11

        *Balancing the Equities* .................................................................................................. 12

**CONCLUSION** ....................................................................................................................... 13

**PRELMINIARY STATEMENT**

In the instant matter, plaintiff seeks a preliminary injunction to prohibit defendants from satisfying their obligations to conduct a fair and impartial hearing pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C.A. §1681 et seq. ("Title IX") and in accordance with Rensselaer Polytechnic Institute's Student Sexual Misconduct Policy and Procedures (revised August 2018) ("Aug. 2018 RPI Title IX Policy") as plaintiff erroneously contends that he is entitled to a hearing pursuant to Rensselaer Polytechnic Institute's Student Sexual Misconduct Policy and Procedures (revised August 2020) ("Aug. 2020 RPI Title IX Policy").

On August 14, 2020, after satisfying all legislative pre-requisites, the updated Title IX Rule and Regulations became effective and as such, all schools and school districts that receive federal funding were required to update and implement new Title IX Policies in compliance with the enacting statute. As a result of such statute, RPI implemented its Aug. 2020 RPI Title IX Policy.

When the Department of Education conducted the legislative comment period, it responded to numerous questions regarding whether the updated Title IX Rule, effective August 14, 2020, would have retroactive application and, in the preamble of the law and subsequent Department guidance, the Department of Education explicitly informed inquirers that "the Rule governs how schools must respond to sexual harassment that allegedly occurs on or after August 14, 2020" as the new Title IX Rule did not have retroactive application.

RPI has conducted the investigation into a Title IX complaint filed against plaintiff on or about January 27, 2020 pursuant to the Aug. 2018 RPI Title IX Policy. On or about August 4, 2020, plaintiff was informed that the Institute's Case Management Team determined by a preponderance of the evidence that it was more likely than not that plaintiff violated RPI's applicable Title IX policy and plaintiff was informed of his right to appeal such determination. Plaintiff, as was his right under the Policy, appealed such determination and requested that the

Institute conduct his hearing pursuant to the Aug. 2020 RPI Title IX Policy despite such clear guidance from the Department of Education that the law has no retroactive application.

As law dictates, RPI denied plaintiff's request resulting in the instant application.

### STATEMENT OF FACTS

For the sake of brevity, defendant respectfully directs the Court to the Affidavit of Title IX Coordinator, Larry Hardy, for the relevant factual recitation in this matter.

### ARGUMENT

### POINT I
### PLAINTIFF IS NOT ENTITLED TO A PRELIMINARY INJUNCTION

*Preliminary Injunction Standard*

"A party seeking a preliminary injunction must show (1) irreparable harm; (2) either likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that preliminary injunction is in the public interest." North American Soccer League LLC, v. United States Soccer Federation, Inc., 883 F.3d 32, 37(2d Cir. 2018).

"A preliminary injunction is an extraordinary remedy and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Adams v. Whitney, 2008 WL 189905 (NDNY 2008) (internal citation and quotes omitted).

In the present matter, plaintiff has failed to demonstrate compliance with the necessary requisites for issuance of a preliminary injunction. The entirety of plaintiff's application is premised upon self-serving conjecture and the proposition that non-applicable, new legislation should be relied upon and thus, as a matter of law, the relief sought must be denied.

At the outset, this Court should deny plaintiff's request because plaintiff provides no competent evidence to the court to satisfy his burden of establishing by a clear showing that he

was subjected to gender discrimination.  Plaintiff simply provides an affidavit from his attorneys who lack personal knowledge of the facts they allege based upon an unverified complaint which fail to establish the require causal connection between the alleged flaw potential outcome and gender bias.

### *Likelihood of Success on the Merits*

Plaintiff asserts claims for violation of plaintiff's due process rights under Title IX and claims of discrimination against him because of his sex. Plaintiff's claims are unclear and lack the required specificity.

### *Title IX*

Since "Title IX prohibits (under covered circumstances) subjecting a person to discrimination on account of sex, it is understood to 'bar the imposition of university discipline where gender is a motivating factor in the decision to discipline." Doe v. Columbia University, 831 F.3d 46, 54 (2d Cir. 2016) *quoting* Yusuf v. Vassar Coll., 35 F.3d 709, 715 (2d Cir. 1994).

Courts have held that "it does not appear that a private right of action for disparate impact [discriminatory practices having a disproportionately adverse effect on a protected class] is cognizable under Title IX." Xiaolu Peter Yu v. Vassar Coll., 97 F Supp. 3d 448, 461 (S.D.N.Y. 2015) *citing* Jackson v. Birmingham, 544 U.S. 167, 173 (2005).

"In the context of university discipline, the Second Circuit has recognized two categories of Title IX claims: (1) claims of an erroneous outcome from a flawed proceeding, and (2) claims of selective enforcement." Yu, 97 F Supp. 3d at 466.

With respect to an erroneous outcome from a flawed proceeding, "a party asserts that he or she was innocent and wrongly found to have committed the offense." Id.

"To demonstrate an erroneous outcome or gender based discrimination claim, the plaintiff must provide evidence indicating that 'gender [was] a motivating factor in the decision to discipline.'" Doe v. Columbia, 831 F.3d at 53 *quoting* Yusuf, 35 F 3d at 715.

Importantly, "[p]laintiffs who claim that an erroneous outcome was reached must allege particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding." Yusuf, 35 F.3d at 715.  While the "pleading burden in this regard is not heavy" there must be some particular facts alleged where the "complaint may allege particular evidentiary weaknesses behind the finding of an offense such as a motive to lie on the part of a complainant or witnesses, particularized strengths of the defense, or other reason to doubt the veracity of the charge [or] [a] complaint may also allege particular procedural flaws affecting the proof. Id.

"However, allegations of a procedurally or otherwise flawed proceeding that has led to an adverse and erroneous outcome combined with a conclusory allegation of gender discrimination is not sufficient to survive a motion to dismiss [where] [t]he fatal gap is, again, the lack of a particularized allegation relating to a causal connection between the flawed outcome and gender bias." Id.

In the instant complaint, Plaintiff alleges that because RPI will continue to conduct its investigation and judicial proceeding in accordance with the Aug. 2018 RPI Title IX Policy, "defendant has deprived plaintiff, on the basis of his sex, the process he is due under Title IX of the education Amendments of 1972 and corresponding Title IX Rules through the improper administration and/or the existence in its current state of defendants RPI's [policy]." (Complaint ¶ 120).

4

At the outset, Plaintiff proffers no proof aside from conjecture and surmise that RPI denied his request to ignore relevant Department of Education administrative guidance to not apply the new Title IX Rule (effective August 14, 2020) retroactively, because of his sex. Absent such proof, plaintiff cannot possibly succeed on his claims.

Furthermore, plaintiff's claim fails because plaintiff is not entitled to the procedures outlined in the Aug. 2020 RPI Title IX Policy because the Department of Education Office of Civil Rights itself explicitly stated: "[w]ith respect to sexual harassment that allegedly occurred prior to August 14, 2020, OCR will judge the school's Title IX compliance against the Title IX statute and the Title IX regulations in place at the time that the alleged sexual harassment occurred" and, "[i]n other words, the Rule governs how schools must respond to sexual harassment that allegedly occurs on or after August 14, 2020." (*See* Exhibit "H" to Complaint) (emphasis supplied).

While plaintiff requests that the Court ignore such clear guidance by asserting that "[i]t is the Court's role to determine whether the Title IX Rules which became effective on August 14, 2020 apply to plaintiff's September 30, 2020 Title IX hearing," such is a gross understatement of the Court's role which is to determine whether the new Title IX Regulations, expressly mandate retroactive application to any and all conduct prohibited under Title IX that was alleged to occur prior to August 14, 2020. *See* Bowen v. Georgetown University Hosp., 488 U.S. 204, 208 (1988); *see also* p. 7, Plaintiff's Memo. Of Law.

The Supreme Court has been clear in that, "[r]etroactivity is not favored in the law" and as such, "congressional enactments and administrative rules [,like Title IX,] will not be construed to have retroactive effect unless their language requires this result." Bowen, 488 U.S. at 208 (emphasis supplied).

5

Critically, "[e]ven where some substantial justification for retroactive rulemaking is presented, courts should be reluctant to find such authority absent an express statutory grant." Id. at 208—09.

In the instant matter, the new Title IX Regulations do not dictate that the law has retroactive application. In fact, the preamble of the enacting statute unambiguously stated the opposite, "the Department will not enforce the regulations retroactively." See Federal Register/ Vol. 85, No. 97, p. 36, Docket ID ED–2018–OCR–0064 (May 19, 2020).

It is clear that the new Title IX Rule is not retroactive and as such, the Court need not interpret the statute in an attempt to articulate a result to the contrary. See Bowen, 488 U.S. at 208. Furthermore, to avoid any assertion that the enacting statute was ambiguous, the Department of Education, Office of Civil Rights again asserted that the Title IX Rule is not retroactive when, in a notice, the Department, unambiguously stated, "[c]onsistent with the Department's statements in the preamble to the Title IX Rule regarding non-retroactivity, the Rule does not apply to schools' responses to sexual harassment that allegedly occurred prior to August 14, 2020. (Exhibit "E" to Complaint).

While plaintiff requests that this Court ignore such clear, unambiguous directives that the new Title IX Regulations do not apply to conduct that allegedly occurred prior to August 14, 2020, plaintiff can cite to no authority that would support such an incongruent and illogical request.

Plaintiff cites broadly to *Christensen v. Harris County* and *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.* in an attempt to convince the Court that it should on its own initiative hold that the new Title IX Rule has retroactive application however, such cases further support RPI's Policy and determination to deny plaintiff's request as the same would be in direct conflict with Department of Education guidance. Both *Christensen* and *Chevron* dictate that a

court need only interpret an *ambiguous statute* and, when a court is required to interpret an ambiguous statute, the court must give effect to an agency's regulation containing a reasonable interpretation of such ambiguous statute.  Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842—44 (1984); Christensen v. Harris County, 529 U.S. 576, 856, 587, 589 (2000).

Here, there are no ambiguities for the Court to interpret and, even if the statute was ambiguous, the Court would be bound to consider the Department of Education's own guidance which further directs that the new Title IX Rule does not have retroactive application. Id.

Lastly, even though plaintiff attempts to persuade the Court that RPI's Policy of applying the procedural provisions of its Title IX Policy that was in effect at the time of the report is at odds with Syracuse University and Siena College, such is irrelevant as *Bowen* explicitly held that "[e]ven where some substantial justification for retroactive rulemaking is presented, courts should be reluctant to find such authority absent an express statutory grant." Bowen, at 208—09.

Furthermore, such is equally unpersuasive because plaintiff concedes that both Syracuse University and Siena College "would apply their new 2020 policies (adapted to comply with the Title IX Rules) to all Title IX cases commenced after August 14, 2020." *See*, p. 7 of Plaintiff's brief (emphasis supplied).

Plaintiff's own argument defeats his entitlement to his requested relief as the investigation into Jane Roe's complaint against plaintiff was commenced on or about January 31, 2020 as indicated in the notice sent to plaintiff. (Exhibit "A" to Complaint).  Furthermore, RPI's Policy is similar to that of Syracuse University and Siena College, as represented by plaintiff's counsel, as RPI will apply the procedural provisions of the Sexual Misconduct policy of Rensselaer **at the time of the report**." (p. 4 of Exhibit "D" to Complaint) (emphasis supplied).

7

Notably, the Northern District of New York, through the Decision and Order of the Honorable Judge Scullin dated January 11, 2019, held that the Aug. 2018 RPI Title IX Policy which permits accused students to effectively "cross-examine" complainant's by submitting questions through the Hearing Board, complies with Title IX due process requirements and as such, when plaintiff proceeds with his hearing, he will be provided all Title IX due process rights guaranteed to him. *See*, Doe v. Rensselaer Polytechnic Institute, *et al.*, 1:18-CV-1374, p. 16 (N.D.N.Y. Jan. 2019).

Based on the foregoing, it is evident that plaintiff cannot satisfy his burden of establishing a likelihood of success on the merits and as such, his request for preliminary injunctive relief must be denied and plaintiff's Title IX hearing should be conducted pursuant to the Aug. 2018 RPI Title IX Policy.

*Discrimination on the Basis of Sex*

Even if the Court were to hold that plaintiff's debunked argument has merit, plaintiff cannot satisfy his burden of establishing a likelihood of success on the merits because, "[t]o demonstrate an erroneous outcome or gender based discrimination claim, the plaintiff must provide evidence indicating that 'gender [was] a motivating factor in the decision to discipline.'" Doe v. Columbia University, 831 F.3d 46, 53 (2d Cir. 2016) *quoting* Yusuf v. Vassar Coll., 35 F.3d 709, 715 (2d Cir. 1994).

In an attempt to satisfy such burden, plaintiff, in a disjointed manner, asserts that he has a reasonable probability of success on the merits because, "[d]efendant denied plaintiff's Title IX complaint against Jane Roe in which he accused her of sexual assault, because of his inability to consent due to his intoxication, without a hearing[,] [w]hereas, defendant substantiated Jane Roe's Title IX complaint against plaintiff and a hearing panel selected by defendant will determine the

8

merits of her complaint." (Complaint ¶ 122 citing to Exhibits "I" and "J" to the Complaint; p. 7—8 of Plaintiff's Brief). Not only does such allegation fail to support any rationale interpretation of bias, it has no logical connection to whether RPI denied plaintiff's request to conduct his subject hearing pursuant to the Aug. 2020 RPI Title IX Policy <u>because he is a male</u> or because his gender was a "motivating factor." <u>Doe</u>, 831 F.3d at 53 *quoting* <u>Yusuf</u>, 35 F.3d at 715.

Critically, it is not possible for plaintiff to satisfy his burden because RPI's determination to continue utilizing the Aug. 2018 RPI Title IX Policy to conduct the hearing into alleged violative conduct that occurred in January 2020 is in conformance with the Office of Civil Rights directives which, in turn, is in compliance with the preamble of the new Title IX Rule as well as Department of Education Guidance. (*See*, p. 4 of Exhibit "D" to Complaint, *see also*, Exhibit "E" to Complaint).

Furthermore, plaintiff's attempt to satisfy his burden of establishing gender bias by pointing to the CMT's finding that he violated the Policy which, in turn, resulted in the CMT finding that his Title IX complaint against Jane Roe lacked evidence and further, asserting that the Institute's denial of plaintiff's request for a hearing on his complaint was bias is unpersuasive for two reasons. First, plaintiff does not allege that RPI violated its policy when it denied his request for a hearing after the CMT determined there was insufficient evidence to support his allegations against Jane Roe, nor could he allege such. Second, when plaintiff engages in his Title IX hearing, the Hearing Board will consider all relevant evidence including such evidence plaintiff asserted supported his complaint and version of events and therefore, plaintiff cannot establish a likelihood of success on the merits.

Furthermore, as clearly articulated in the notice informing plaintiff of the CMT's determination in connection with its investigation into plaintiff's complaint filed against Jane Roe, the specific determination was not made because plaintiff is a male but, instead, because:

> The Case Management Team has determined, based on the Preponderance of the Evidence Standard, and considering the evidence in its entirety, that there is insufficient evidence to prove it is more likely than not that the Respondent [Jane Roe] violated the Sexual Assault provision of the Student Sexual Misconduct Policy. Specifically, the Case Management Team found that:
>
> - Your participation as the Complainant in complex conversation, recall of details of the incident, and ability to independently gather the Respondent's keys and ID, walk steadily and independently downstairs and outside apparently to smoke, regain access to the building, and independently return to and access the Respondent's residence hall room at approximately 2:30 a.m. showed it was more likely than not that you were not incapacitated by your use of alcohol;
>
> - Although the Respondent [Jane Roe] admitted providing alcoholic beverages to you as the Complainant while you were in her residence hall room, the evidence was not sufficient to prove that the Respondent supplied you, as the Complainant, with alcohol against your will; and
>
> - The evidence was not sufficient to prove the Respondent initiated the sexual activity. [Exhibit "J" to Complaint].

Plaintiff further alleges "defendant conducted its investigation into the alleged events of January 23, 2020 in a manner that discriminated against plaintiff because of his sex in violation of Title IX." (Complaint ⁋ 121). Plaintiff also alleges "[d]efendant has created an environment in which an accused male is fundamentally denied the due process guaranteed under Title IX by prosecuting male students under a presumption of guilt [where] [s]uch a one-sided process has arbitrarily and selectively denied plaintiff, because of his sex, of education and extracurricular opportunities and benefits of RPI." (Complaint ⁋ 125).

Again, while such allegations have no rational connection to plaintiff's allegations that he is entitled to change the Policy under which his Title IX Investigation has been conducted since

10

the investigation commenced on or about January 31, 2020, defendant disputes any such conjecture and unpersuasive allegations as detailed in the accompanying Affidavit of Larry Hardy.

Plaintiff has failed to produce any evidence that RPI's Policy, the instant Title IX investigation or ultimate determination was motivated by gender nor will plaintiff at the hearing. He offers only his uninformed and self-serving conclusions which do not "cast doubt on accuracy of the outcome of the disciplinary proceeding." Yusef, 35 F.3d at 715.  There are no assertions or factual contentions that raise doubt on the veracity of the complaint or to establish that any of the witnesses had a motivation to lie.  Yusuf, 35 F.3d at 715.

Plaintiff fails to establish the essence of a Title IX claim, which is that RPI disciplined plaintiff *because of his sex*; therefore, plaintiff cannot establish the required element of a Title IX claim thus, is not entitled to an injunction staying the future hearing. Doe, 831 F.3d at 54.

### *Irreparable Injury*

"A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction." Faiveley Transp. Malmo AV v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009) *quoting* Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1991).

The Second Circuit has held that "[t]o satisfy the irreparable harm requirement, [p]laintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve." Grand River Enter. Six Nations, Ltd v. Pryor, 481 F.3d 60,66 (2d Cir. 2007).

Importantly, a plaintiff must show "that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." Kamerling v. Massaneri, 295 F.3d 206, 214 (2d Cir. 2002).

Plaintiff herein cannot demonstrate irreparable injury that could not be compensated for through the award of money damages. This is most evident from plaintiff's Summons and Complaint wherein it requests "damages in an amount to be determined at trial".

Furthermore, the gravamen of plaintiff's claim is that *if* the hearing board finds plaintiff violated the policy, he will have difficulty transferring to a new school or finding employment. Plaintiff is merely speculating as to what if any actions the hearing board will take thus plaintiff does not face "real, immediate, or irreparable harm."  Thus, the requirements as set forth in Grand River are lacking.

### *Balancing the Equities*

If the Court finds that plaintiff has established a serious question on the merits, plaintiff cannot establish that balancing of the equities favor him nor that a preliminary injunction is in the public interest.

Plaintiff's assertion position disregards and wholly diminishes the rights of the Jane Roe complainant who mad serious allegations of sexual misconduct against plaintiff. Said complainant in the Title IX matter is entitled to the procedural and substantive protections of the RPI Title IX policies applicable at the time. To simply cater to plaintiff's wishes in violation of the complainant's rights would result in an inequitable and unsavory precedent.

Every College and University in the United States, including RPI, is required by Title IX to timely address and reasonably respond to allegations of sexual assault and harassment.  They are required to adopt and maintain applicable policies and procedures.  Which RPI has done.

In McGrath v. Dominican Coll. of Blauvelt, 672 F. Supp. 2d 477 (SDNY 2009) the court agreed with the United States Court of Appeals for the Sixth Circuit which found that more than simply investigating a complaint is required.

Here, there is no dispute that RPI adhered to its policy as it pertains to plaintiff. Plaintiff has effectively delayed the investigation and adjudication of this matter for three (3) additional months and is a senior whose anticipated graduation is December 2020 or May 2021.

To allow an individual found to have violated the Student Sexual Misconduct Policy to circumvent any and all university based ramifications and sanctions simply based upon the wishful belief that the Court should ignore clear unambiguous directives contained in the preamble of the statute which were reiterated in departmental guidance, would be an injustice and provide carte blanche for engaging in rape, sexual misconduct and sexual harassment without any possibility of university based sanction.

Additionally, a ruling that the Title IX Rule has retroactive application would cause, within this state, every school's and school district's Title IX Process to grind to a halt as such would *ipso facto* dictate that any all investigations and adjudications of Title IX misconduct that occurred prior to August 14, 2020 ran afoul of the new Rule and violated due process under Title IX.

Such cannot constitute an equitable determination upon the balancing of equities.

## **CONCLUSION**

As a result of the aforementioned it is evident that plaintiff has failed to meet his burden for the issuance of a preliminary injunction.

Defendants respectfully request an Order of this Court denying plaintiff's motion for injunctive relief, together with costs, disbursements and such other and further relief as this Court deems just and proper.

Dated:  October 5, 2020

_(signature)_
_____
Michael E. Ginsberg, Esq.
**PATTISON, SAMPSON, GINSBERG & GRIFFIN, PLLC**
*Attorney for Defendant,*
*Rensselaer Polytechnic Institute*
22 First Street, P.O. Box 208
Troy, New York 12180
Telephone: (518) 266-1026

TO:   Julie A. Nociolo, Esq.
      E. Stewart Jones, Hacker Murphy
      *Attorneys for Plaintiff*
      28 2nd Street
      Troy, New York 12180