# E. STEWART JONES Hacker Murphy LLP
## ATTORNEYS & COUNSELORS AT LAW

Please send all mail to:
**TROY OFFICE**

28 SECOND STREET
TROY, NY 12180
PHONE: (518) 274-5820

200 HARBORSIDE DRIVE, SUITE 300
SCHENECTADY, NY 12305 PHONE:
(518) 783-3843

511 BROADWAY
SARATOGA SPRINGS, NY 12866
PHONE: (518) 584-8886

41 STATE STREET, SUITE 604-05
ALBANY, NY 12207
PHONE: (518) 486-8800

FAX: (518) 274-5875

www.joneshacker.com

*Via CM/ECF*

December 2, 2021

Honorable Daniel J. Stewart
Magistrate Judge
United States District Court
Northern District of New York
445 Broadway
Albany, New York 12207

> RE:   **John Doe v. Rensselaer Polytechnic Institute**
>        **Civil Action No. 1:20-cv-1185 (DNH/DJS)**
>        **Discovery Conference Request**

Dear Judge Stewart:

Please accept this letter submission as plaintiff's request for: (1) an extension of the December 3, 2021 discovery deadline, and (2) a pre-motion discovery conference regarding the adequacy of defendant's Rule 30(b)(6) witness who was deposed on November 19, 2021.

Prior to this letter request for a discovery conference, I have met and conferred with defense counsel on this issue on at least three occasions: (1) at the Rule 30(b)(6) deposition of deponent Jacquelyn Turner on November 19, 2021; (2) in a November 23, 2021 email exchange with defense counsel; and (3) in a November 24, 2021 letter to defense counsel. Upon the Court's request, I can produce the above referenced communications. The discovery issue remains unresolved.

Defendant Rensselaer Polytechnic Institute ("RPI") failed to produce an adequate corporate deponent in response to plaintiff's Rule 30(b)(6) deposition notice.

As the Court is well aware, under Rule 30(b)(6), the party producing a corporate witness must "make conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the party noticing deposition and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." *Soroof Trading Dev. Co., Ltd. v. GE Fuel Cell Sys., LLC*, No. 10 Civ. 1391, 2013 WL 1286078, at *2 (S.D.N.Y. March 28, 2013) (internal quotations, alterations, and citations omitted). "[T]he corporation is obligated to prepare [the 30(b)(6) witness] so that they may give knowledgeable answers." *Meyer Corp. U.S. v. Alfay Designs, Inc.*, No. 10-CV-3647, 2021 WL 3536987, at *8 (E.D.N.Y. Aug. 13, 2012) (internal citation and quotation omitted). It is the corporation's obligation to prepare a corporate designee "to the extent matters are reasonably



available, whether from documents, past employees, or other sources." *Rahman v. Smith & Wollensky Restaurant Group, Inc.*, No. 06 Civ. 6198, 2009 WL 773344, at *1 (S.D.N.Y. March 18, 2009).  A Rule 30(b)(6) deponent has an "affirmative obligation to educate himself as to the matters regarding the corporation . . .[t]his includes all matters that are known or reasonably available to the corporation." *Panolam Industry Int'l, Inc. v. F & F Composite Grp. Inc.*, No. 3:07CV1721, 2010 WL 341330, at *1 (D. Conn. Jan. 22, 2010).  "[P]roducing an unprepared witness is tantamount to a failure to appear." *Rahman*, 2009 WL 773344, at *1.

Here, RPI designated Jacquelyn Turner as its corporate designee in response to plaintiff's September 20, 2021 Rule 30(b)(6) deposition notice, enclosed with this letter as Exhibit 1. Plaintiff specified that the corporate designee have knowledge of, among other things, "investigations and cases by the U.S. Department of Education's Office of Civil Rights against RPI for Title IX violations" and "student, parent, and faculty response to the Institute's investigation into allegations of sexual misconduct." (See Exhibit 1).  Defendant never met and conferred with plaintiff nor did it request a discovery conference with the Court to discuss or object to the scope of the Rule 30(b)(6) deposition notice.  Rather, RPI produce Ms. Turner in response to plaintiff's deposition notice without objection.

At the November 19, 2021 Rule 30(b)(6) deposition, Ms. Turner had no knowledge of either subject matter listed above, see transcript excerpts enclosed with this letter as Exhibit 2. Notably, in response to plaintiff's discovery demands, RPI produced two letters from the U.S. Department of Education's Office of Civil Rights indicating that it was opening investigations into RPI's handling of Title IX complaints by two separate female complainants, enclosed as Exhibit 3.[1]  Nevertheless, Ms. Turner, RPI's chosen corporate designee, had no knowledge of those letters produced by defendant in this case even after being put on notice by plaintiff that it would be a subject matter of the Rule 30(b)(6) deposition.

Plaintiff anticipates that defendant will contend that Larry Hardy, a RPI Title IX coordinator, who was produced as a fact witness answered the questions that RPI's corporate designee could not.  Even assuming Mr. Hardy's responses sufficiently answered counsel's questions—which they did not—defendant fails to recognize the evidentiary distinction between a fact witness and a corporate deponent.  *See Sabre v. First Dominion Capital, LLC*, No. 01CIV2145, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001) ("A 30[b][6] witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.").  Mr. Hardy was produced and deposed as a fact witness based on his personal knowledge and not as a corporate designee.  Accordingly, his responses do not bind RPI in the same way Ms. Turner's responses do as RPI's chosen corporate designee.

Plaintiff respectfully request an extension of the discovery deadline and an order compelling or, alternatively, permission to move to compel defendant to produce an adequate corporate designee in response to plaintiff's Rule 30(b)(6) deposition notice.

---

[1] While no protective order has been ordered in this case, plaintiff has submitted Exhibit 3 to this correspondence under seal in an abundance of caution.

**E. STEWART**
# Jones Hacker Murphy LLP
ATTORNEYS & COUNSELORS AT LAW

December 2, 2021
Page 3

Respectfully Yours,

*Julie Nociolo*

Julie A. Nociolo
*Attorneys for Plaintiff John Doe*

Enclosures

Cc:     Michael Ginsberg, Esq.
        Rhiannon Spencer, Esq.
        *Attorneys for Defendant Rensselaer Polytechnic Institute*