

**PATTISON, SAMPSON, GINSBERG & GRIFFIN, PLLC**

**22 First Street**
**P.O. Box 208**
**Troy, NY 12181-0208**

**P 518 266 1000**
**F 518 274 6034**
**www.psgglaw.com**

*Service by Fax Not Accepted*

F. Redmond Griffin
Mickki L. Harrington
Michael E. Ginsberg*
Thomas E. Lavery

Rhiannon I. Spencer

Edward H. (Ebbie) Pattison
(1896-1986)

Stephen H. Sampson
(1911-1982)

Edward (Ned) Pattison
(1932-1990)

William M. Connors
(1912-1998)

Lambert L. Ginsberg
(1928-2017)

*Admitted in New York and Vermont

December 6, 2021

Magistrate Daniel J. Stewart (*via ECF*)
US District Court
Northern District of New York
445 Broadway
Albany, New York 12207

**Re: Doe v. Rensselaer Polytechnic Institute**
      **Case No. 1:20-cv-01185**

Dear Judge Stewart:

Our firm represents the Defendant, Rensselaer Polytechnic Institute ("RPI"), in the above-referenced matter and I submit this letter in response to Attorney Nociolo's December 2, 2021 correspondence.  RPI would like to schedule a conference on this matter to discuss the issues raised by Attorney Nociolo as it remains RPI's position that it produced a corporate representative who could reasonably testify to the *relevant* inquiries made during the deposition.

On November 19, 2021, RPI produced Title IX Coordinator, Jacquelyn Turner in response to the Plaintiff's Rule 30(b)(6) notice to depose. Attorney Nociolo takes issue with such designation in connection with two areas of knowledge that her demand requested a corporate representative with knowledge of: (1) "investigations and cases by the U.S. Department of Education's Office of Civil Rights against RPI for Title IX violations;" and (2) "student, parent, and faculty response to the Institute's investigation into allegations of sexual misconduct." (Exhibit 1 to Nociolo Letter).

First, with regard to the Department of Education ("DOE") investigations, both of the relevant matters are still pending with the DOE. (*See*, Office of Civil Rights Website Printout of Pending Matters as of October 29, 2021 attached as Exhibit "A").  In discovery, RPI provided the type of allegation lodged with the DOE and the notices received. Once the complaints were received, in 2017 and 2018, the matters were sent to outside counsel who prepared and submitted responses. The DOE still has not rendered a determination in either of the two matters. While Ms. Turner did testify that she was not personally involved in the investigations and did not recall the specifics of the complaints, the matters are nonetheless pending and as such, Ms. Turner cannot testify to any specific facts in the student's file, due to *FERPA,* or any such outcome as it does not exist.

There is no other relevant information Ms. Turner, or any individual, could testify to with regard to the two pending investigations and as such, the request to depose ought to be denied.

Next, it still remains unclear what Attorney Nociolo is requesting a corporate representative testify to with regard to "student, parent, and faculty response to the Institute's investigation into allegations of sexual misconduct." Furthermore, when Attorney Nociolo asked Ms. Turner if RPI had received complaints from students regarding alleged failure to respond to a complaint of sexual harassment, Ms. Turner responded: "not that I'm aware of." Similarly, when asked if RPI received complaints from parents regarding a failure to respond appropriately to a complaint of sexual harassment or assault, Ms. Turner responded: "not that I'm aware of." (p. 56-57 of Exhibit 2 to Nociolo Letter).

Attorney Nociolo never specified what she meant by the type of notice, the type of complaints, or any other information. As explained to Attorney Nociolo, RPI does not keep a log or specifically track whether a student, parent or faculty member has ever expressed dissatisfaction regarding the Title IX process. Even if Attorney Nociolo were to recall a corporate representative, there is no person at RPI who would be able to answer questions regarding whether or not at some time throughout investigating over 500 complaints, some person expressed displeasure with the Title IX process. Ms. Turner was prepared to the extent the matters were reasonably available." *See*, *Rahman v. Smith & Wollensky Restaurant Group, Inc.*, 2009 WL 773344, at *1 (SDNY 2009).

Attorney Nociolo then asked about an article published in RPI's 2018 Student Newspapers criticizing the Title IX process which Ms. Turner stated that she did not remember seeing the article. Specifically, she said: "I don't remember seeing that. I could have. I just don't remember it." (p. 57 of Transcript). Importantly, Attorney Nociolo never identified such 2018 newspaper editorial in the notice to depose. Ms. Turner testified to her general knowledge as the notice requested.

Based upon the foregoing, RPI submits that the deposition notice was complied with as reasonably as possible based upon the nature of the request and the availability of information.

Respectfully submitted,

*Rhiannon I. Spencer*

Rhiannon I. Spencer, Esq.
Direct Dial: (518) 266-1001
spencer@psgglaw.com

cc: Julia A. Nociolo, Esq. (*via ECF*)